# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

B.J. CRAWFORD, LLC, ET AL.                                         PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:19CV46-GHD-JMV

ENPRO INDUSTRIES, INC., ET AL.                                     DEFENDANTS

## ORDER

This matter is before the court on the motion [16] of Plaintiffs to strike as privileged certain communications included in pleadings now in the record of the court. For the reasons discussed below, the motion will be denied.

According to an affidavit filed by Samuel Williamson, an individual defendant, certain statements were made by Plaintiffs' attorney, John Crow, during what is described by Plaintiffs' counsel as a "joint meeting between the plaintiffs in this action and their attorneys." Among those persons attending this meeting were two plaintiffs who subsequently, allegedly, relayed the statements to Williamson.

In an effort to have references to the alleged statements stricken, Plaintiffs' counsel takes a two-fold approach. First, they offer a sworn affidavit asserting that the attorney, Mr. Crow, did not make any of the alleged offending statements and the statements themselves are false. At the same time, Plaintiffs assert the statements, if made, are privileged.

It is elementary that a party who asserts privilege has the burden of establishing it. *Baker Donelson Bearman Caldwell & Berkowitz, P. C. v. Seay*, 42 So. 3d 474, 494-95 (Miss. 2010) ("The burden of proof rests with the party asserting the attorney-client privilege.") (citing *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985)). In short, while Plaintiffs were not required to

affirmatively swear that the asserted statements did not occur, they have elected to do so. And, having done so, they are foreclosed from establishing the first and most basic element of the privilege—a communication subject thereto. *See* MISS.R.EVID. 502(b); *Williamson v. Edmonds*, 880 So. 2d 310, 318 (Miss. 2004). For this, as well as the other reasons discussed by Defendants in their opposition to Plaintiffs' motion to strike statements as privileged, the motion is denied.[1]

**SO ORDERED** this the 7th day of June, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

---

[1] The court's ruling in this regard is not dissimilar to the court's treatment of the assertion of attorney-client privilege where the client takes the position that they relied on the advice of counsel. That is, Mississippi does not permit a party to use the privilege as both a sword and a shield. *See Hyde Const. Co. v. Koehring Co.*, 455 F.2d 337, 340 (5th Cir. 1972).